FILED BY ___ D.C.
2005 JUL 20 PM 1:48
CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Action No. 05-21964

CIV-MOORE

MAGISTRATE JUDGE
GARBER

UNITED STATES OF AMERICA,

Plaintiff,

v.

BANGBROS.COM, INC.,
a Florida corporation,

RK NETMEDIA, INC.,
a Florida corporation,

OX IDEAS, INC.,
a Florida corporation,

Defendants.
_____________________________/

**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and under Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil penalties, a permanent injunction, and other equitable relief for Defendants' violations of Section 5(a) and (d) of CAN-SPAM, 15 U.S.C. § 7704(a) and (d), and the FTC's Adult Labeling Rule (the "Adult Labeling Rule" or the

"Rule"), 16 C.F.R. Part 316.4.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), 57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355. This action arises under 15 U.S.C. § 45(a).

3. Venue in the United States District Court for the Southern District of Florida is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b-c), and 1395(a).

## DEFENDANTS

4. Defendant BangBros.com, Inc. ("BangBros.com"), is a Florida corporation with its registered office located at 444 Brickell Ave., Suite 1001, Miami, Florida 33131. Since May 19, 2004, BangBros.com has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint. BangBros.com resides in the Southern District of Florida and transacts business within the Southern District of Florida and throughout the United States.

5. Defendant RKNetmedia, Inc. ("RKNetmedia"), is a Florida corporation with its registered office located at 444 Brickell Ave., Suite 1001, Miami, Florida 33131. Since May 19, 2004, RKNetmedia has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint. RKNetmedia resides in the Southern District of Florida and transacts business within the Southern District of Florida and throughout the United States.

6. Defendant Ox Ideas, Inc. ("Ox Ideas"), is a Florida corporation with its registered office located at 444 Brickell Ave., Suite 1001, Miami, Florida 33131. Since May 19, 2004, Ox Ideas has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint. Ox Ideas resides in the Southern District of Florida and transacts business within the Southern

District of Florida and throughout the United States.

## COMMERCE

7. At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

8. Since May 19, 2004, and continuing to the present, Defendants have owned and operated dozens of commercial web sites that sell access to a vast collection of sexually oriented videos and pictures. Defendants promote these sites through affiliate programs that pay "webmasters" to steer consumers to Defendants' sites. Defendants' affiliate programs also provide a number of other services to affiliated webmasters, including free web hosting, marketing and promotional tools, and 24 hour access to detailed sales statistics.

9. Many webmasters who participate in Defendants' affiliate programs advertise and promote Defendants' commercial web sites through widely distributed commercial email messages. These email messages often contain sexually explicit pictures and stories that hyperlink to Defendants' web sites. The hyperlinks in the email messages allow Defendants to identify a particular webmaster as the entity deserving payment when a potential customer clicks through an email to one of Defendants' sites. Since May 19, 2004, thousands of email messages that advertise and promote Defendants' commercial web sites have been mailed to computers used in interstate or foreign commerce and communication.

10. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants, through their affiliate programs, have induced others, by monetary payments and other

consideration, to transmit commercial email messages on Defendants' behalf. In doing so, Defendants have procured the transmission of such messages and are thereby initiators, as that term is defined under CAN-SPAM, of the email messages sent by their affiliates that promote and market Defendants' web sites. In addition, because Defendants' web sites are being advertised or promoted by such messages, Defendants are also senders, as that term is defined under CAN-SPAM, of the email messages that their affiliates are transmitting on Defendants' behalf.

11. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants' affiliates have transmitted email messages that fail to include clear and conspicuous notice of a recipient's opportunity to decline to receive future commercial email messages from Defendants at the recipient's email address. For example, in numerous instances, the opt-out mechanism is displayed in a small font at the bottom of the email message after a depiction of people engaged in sexual intercourse.

12. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants' affiliates have transmitted email messages that fail to include a valid physical postal address of Defendants.

13. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants' affiliates have transmitted email messages that contain depictions of sexually explicit conduct and that fail to include the phrase "SEXUALLY-EXPLICIT: " in the subject line of the message.

14. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants' affiliates have transmitted email messages that contain depictions of sexually explicit conduct and that fail to include, in the initially viewable area of the message, the phrase

"SEXUALLY-EXPLICIT: ", a functioning opt-out mechanism, or a valid physical postal address of Defendants.

15. In connection with the marketing and promotion of Defendants' commercial web sites, Defendants' affiliates have transmitted email messages that include sexually oriented materials in the initially viewable area of the message.

16. In numerous instances, recipients of the commercial email messages set forth in paragraphs 13 through 15 have not given prior affirmative consent to receive such messages.

**THE CAN-SPAM ACT**

17. The CAN-SPAM Act, 15 U.S.C. § 7701 et seq., became effective on January 1, 2004, and has since remained in full force and effect.

18. Section 3(2) of the CAN-SPAM Act, 15 U.S.C. § 7702(2), defines "commercial electronic mail message" to mean:

> any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).

19. Section 3(9) of the CAN-SPAM Act, 15 U.S.C. § 7702(9), defines "initiate," when used with respect to a commercial email message, to mean:

> to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. For purposes of this paragraph, more than one person may be considered to have initiated a message.

20. Section 3(12) of the CAN-SPAM Act, 15 U.S.C. § 7702(12), defines "procure," when used with respect to the initiation of a commercial email message, to mean:

> intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf.

21. Section 3(13) of the CAN-SPAM Act, 15 U.S.C. § 7702(13), defines "protected computer" by reference to 18 U.S.C. § 1030(e)(2)(B), which states that a protected computer is:

> a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

22. Section 3(16) of the CAN-SPAM Act, 15 U.S.C. § 7702(16), defines "sender," when used with respect to a commercial email message, as:

> a person who initiates such a message and whose product, service, or Internet web site is advertised or promoted by the message.

23. Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(3), states:

> It is unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message that does not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that –
>
> (i) a recipient may use to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received; and
>
> (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message.

24. Sections 5(a)(5)(A)(ii) and (iii) of the CAN-SPAM Act, 15 U.S.C. §§ 7704(a)(5)(A) (ii) and (iii), state:

> (A) It is unlawful for any person to initiate the transmission of any commercial electronic mail message to a protected computer unless the message provides –
>
> (ii) clear and conspicuous notice of the opportunity under paragraph (3) to decline to receive further commercial electronic mail messages from the sender; and
>
> (iii) a valid physical postal address of the sender.

25. The Commission promulgated the Adult Labeling Rule pursuant to Sections 5(d)(3) and

13(a) of the CAN-SPAM Act, 15 U.S.C. §§ 7704(d)(3) and 7711(a). The Rule became effective on May 19, 2004, and sets forth marks and notices to be included in commercial email messages that contain sexually oriented material.

26. Section 5(d)(4) of the CAN-SPAM Act, 15 U.S.C. § 7704(d)(4), defines "sexually oriented material" as:

> any material that depicts sexually explicit conduct (as that term is defined in section 2256 of title 18, United States Code), unless the depiction constitutes a small and insignificant part of the whole, the remainder of which is not primarily devoted to sexual matters.

27. The CAN-SPAM Act and the Adult Labeling Rule both prohibit any person from initiating the transmission, to a protected computer, of any commercial email message that includes sexually oriented material and fails to include the phrase "SEXUALLY-EXPLICIT: " as the first nineteen (19) characters at the beginning of the subject line. 15 U.S.C. § 7704(d)(1)(A); 16 C.F.R. § 316.4(a)(1).

28. The CAN-SPAM Act and the Adult Labeling Rule also require that any message that includes sexually oriented material place only the following information within the content of the message that is initially viewable by the recipient, when the message is opened by the recipient and absent any further action by the recipient ("initially viewable content"):

A. the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous manner, 15 U.S.C. § 7704(d)(1)(B)(i); 16 C.F.R. § 316.4(a)(2)(i);

B. clear and conspicuous identification that the message is an advertisement or solicitation, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(ii);

C. clear and conspicuous notice of the opportunity of a recipient to decline to receive further commercial email messages from the sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(iii);

D. a functioning return email address or other Internet-based mechanism, clearly and conspicuously displayed, that a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages from that sender at the email address where the message was received; and that remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message, 16 C.F.R. § 316.4(a)(2)(iv);

E. clear and conspicuous display of a valid physical postal address of the sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(v); and

F. any needed instructions on how to access, or activate a mechanism to access, the sexually oriented material, 15 U.S.C. § 7704(d)(1)(B)(iii); 16 C.F.R. § 316.4(a)(2)(vi).

29. The labeling and placement requirements of the CAN-SPAM Act and the Adult Labeling Rule set forth in paragraphs 27 and 28 do not apply if the recipient has given prior affirmative consent to receipt of the message. 15 U.S.C. § 7704(d)(2); 16 C.F.R. § 316.4(b).

30. Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), states:

> [T]his Act shall be enforced by the [FTC] as if the violation of this Act were an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of the [FTC Act] (15 U.S.C. 57a(a)(1)(B)).

## COUNT I

31. In numerous instances, including but not limited to the practices set forth in this Complaint, Defendants have initiated the transmission, to protected computers, of commercial email messages that include sexually oriented material and that:

A. fail to include the phrase "SEXUALLY-EXPLICIT: " as the first nineteen (19) characters at the beginning of the subject line;

B. fail to include, within the initially viewable content of the message, a second instance of the phrase "SEXUALLY-EXPLICIT: ";

C. fail to include, within the initially viewable content of the message, clear and conspicuous notice of the opportunity of a recipient to decline to receive further commercial email messages from Defendants;

D. fail to include, within the initially viewable content of the message, clear and conspicuous display of a valid physical postal address of Defendants; or

E. include sexually oriented material within the initially viewable content of the message.

32. Therefore, Defendants' acts or practices, as described in paragraph 31, violate Section 5(d) of the CAN-SPAM Act, 15 U.S.C. § 7704(d), and the Adult Labeling Rule, 16 C.F.R. § 316.4(a).

## COUNT II

33. In numerous instances, including but not limited to the practices set forth in this complaint, Defendants have initiated the transmission, to protected computers, of commercial email messages that advertised or promoted Defendants' Internet web sites and failed to include clear and conspicuous notice of the recipient's opportunity to decline to receive further commercial email messages from Defendants at the recipient's email address.

34. Therefore, Defendants' acts or practices, as described in paragraph 33, violate Section 5(a)(5)(A)(ii) and Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. §§ 7704(a)(5)(A)(ii) and 7704(a)(3).

## COUNT III

35. In numerous instances, including but not limited to the practices set forth in this complaint, Defendants have initiated the transmission, to protected computers, of commercial email messages that advertised or promoted Defendants' Internet web sites and failed to include

Defendants' valid physical postal address.

36. Therefore, Defendants' acts or practices, as described in paragraph 35, violate Section 5(a)(5)(A)(iii) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(5)(A)(iii).

**COMMON ENTERPRISE**

37. Defendants have operated and functioned as a single business enterprise in commission of the acts and practices described above.

38. Because each of the Defendants functioned as a single business enterprise with the other Defendants in the commission of the law violations alleged above, they have each violated CAN-SPAM, 15 U.S.C. §§ 7701 *et seq.*

**INDIVIDUAL INJURY**

39. Individuals throughout the United States have suffered, and continue to suffer, substantial injury as a result of Defendants' unlawful acts or practices. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

40. Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), provides that "[CAN-SPAM] shall be enforced by the [FTC] as if the violation of this Act were an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of the [FTC Act] (15 U.S.C. § 57a(a)(1)(B))." Accordingly, violations of the CAN-SPAM Act, including those sections of the CAN-SPAM Act that are interpreted by the Adult Labeling Rule, shall be enforced as if the violation were an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of the FTC Act (15 U.S.C.

§ 57a(a)(1)(B)). That is, these provisions shall be enforced as if the violation had been a violation of an FTC trade regulation rule. Furthermore, Section 18(d)(3) of the FTC Act provides that "[w]hen any rule under subsection (a)(1)(B) of [Section 18] takes effect a subsequent violation thereof shall constitute an unfair or deceptive act or practice in violation of section 45(a)(1) of this title[.]" 15 U.S.C. § 57a(d)(3).

41. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to award monetary civil penalties of not more than $11,000 for each violation of CAN-SPAM, including those sections of the CAN-SPAM Act that are interpreted by the Adult Labeling Rule. Defendants' violations of CAN-SPAM and the Adult Labeling Rule were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

42. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b, and pursuant to its own equitable powers:

1. Enter judgment against Defendants and in favor of Plaintiff for each violation alleged in this complaint;Permanently enjoin Defendants from violating CAN-SPAM and the Adult Labeling Rule;

2. Award plaintiff monetary civil penalties from Defendants for every violation of the CAN-SPAM Act, including those sections of the CAN-SPAM Act that are interpreted by the Adult Labeling Rule;

3. Order Defendants to pay the costs of this action; and

4. Award Plaintiff such other preliminary and permanent equitable relief as the Court may determine to be just and proper.

Dated: July 20, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

R. ALEXANDER ACOSTA
United States Attorney

By: ____________________
BETH D. JARRETT
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9330 (telephone)
(305) 530-7139 (fax)
Florida Bar No. 987344
Beth.Jarrett@usdoj.gov

EUGENE M. THIROLF
Director, Office of Consumer Litigation

By: Elizabeth Stein / BJ
ELIZABETH STEIN
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
1331 Pennsylvania Ave, NW, Suite 950N
(202) 307-0486 (telephone)
(202) 514-8742 (fax)
Elizabeth.Stein2@usdoj.gov

OF COUNSEL:

EILEEN HARRINGTON
Associate Director for Marketing Practices
JONATHAN KRADEN
Attorney
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave, NW, Rm. 238
Washington, DC 20580

JS 44
(Rev. 12/96)

05-21964

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

CIV-MOORE

BANGBROS.COM, INC., a Florida corporation
RK NETMEDIA, INC., a Florida corporation
OX IDEAS, INC., a Florida corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

MAGISTRATE JUDGE GARBER

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Beth Jarrett, AUSA
U.S. Attorneys Office
99 NE 4th Street, Suite 300, Miami, FL 33132-2111
(305) 961-9330

ATTORNEYS (IF KNOWN)

Elizabeth Stein, Trial Attorney
Office of Consumer Litigation, U.S. Department of Justice
1331 Pennsylvania Ave., N.W., Suite 950N
Washington, D.C.

FILED BY ___ D.C.
2005 JUL 20 PM 4:41
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIA

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade1:05CV21964 KMM/BLG

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
B ☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**A REAL PROPERTY**
☐ 210 Land Condemnation
B ☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
B ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
B ☐ 530 General
A ☐ 535 Death Penalty
B ☐ 540 Mandamus & Other
B ☐ 550 Civil Rights
B ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
B ☐ 610 Agriculture
B ☐ 620 Other Food & Drug
B ☐ 625 Drug Related Seizure of Property 21 USC 881
B ☐ 630 Liquor Laws
B ☐ 640 R.R & Truck
B ☐ 650 Airline Regs.
B ☐ 660 Occupational Safety/Health
B ☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
A ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
A ☐ 870 Taxes (U.S. Plaintiff or Defendant)
A ☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
B ☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (A OR B)

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

28 U.S.C. Sections 1331, 1337(a) 1345, and 1355
15 USC Section 45, et seq. and 15 USC Section 7704 et seq.

LENGTH OF TRIAL via 0 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 7/20/05

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.